FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JORDY SCOTT DEBOER, <br><br> Defendants. | Nos. 2:23-CR-00041-TOR-1 <br><br> ORDER FOLLOWING DETENTION REVIEW HEARING <br><br> **MOTION DENIED** <br> **(ECF No. 59)** |

On July 12, 2023, the Court held a detention review hearing to consider Defendant JORDY SCOTT DEBOER's Motion to Modify Conditions of Release, **ECF No. 59**. Defendant appeared while in custody with court appointed counsel David Miller. Assistant U.S. Attorney Caitlin Baunsgard represented the United States. U.S. Probation Officer Erik Carlson was also present. Defendant consented to the proceedings being conducted by video with the Court presiding in Yakima, Defendant and his counsel appearing in Spokane, and the Government appearing in Spokane.

Specifically, Defendant sought **release to American Behavioral Health Systems (ABHS), an inpatient substance abuse treatment facility on July 24, 2023,** to avail himself of substance abuse treatment. The United States opposed Defendant's release plan and U.S. Probation took no position and deferred to the Court.

Defendant, through counsel, presented a proposed release plan to inpatient substance abuse treatment and argued there are conditions that justify reconsidering the issues of detention and that such conditions will reasonably

ORDER - 1

assure Defendant's appearance as required and/or safety of any other person and the community.

The United States argued there are no conditions that justify reconsidering the issue of detention and there are no conditions that can be imposed that would reasonably assure Defendant's appearance as required and/or safety of any other person and the community.

The Court considered Defendant's Motion to Modify Conditions of Release, **ECF No. 59**, and the proffers and arguments of counsel. The Court also considered the record in this case. The record in this case reflects that in the companion case of *United States v. Deboer*, 2:22-CR-00094-TOR-2, the Court previously released Defendant with the agreement of the parties to attend inpatient substance abuse treatment on September 15, 2022 and then further released Defendant with the agreement of the parties on conditions following his successful completion of inpatient substance abuse treatment on December 27, 2022. *United States v. Deboer*, 2:22-CR-00094-TOR-2, ECF Nos. 38, 78. On April 4, 2023, Defendant was then arrested in this case on a criminal complaint alleging Defendant distributed fentanyl while on release. ECF Nos. 1, 31. Defendant's pretrial release was then subsequently revoked in *United States v. Deboer*, 2:22-CR-00094-TOR-2, ECF No. 111. The Grand Jury also returned an Indictment charging Defendant with multiple drug trafficking offenses including conspiracy to distribute methamphetamine and fentanyl, distribution of fentanyl and methamphetamine, and possession with intent to distribute methamphetamine in the instant case. ECF No. 28.

Based on the foregoing and for the reasons stated during the hearing, the Court finds that a temporary furlough to a non-custodial inpatient substance abuse facility is not appropriate and presents an unacceptable risk of nonappearance and

ORDER - 2

an unacceptable risk to the any other person and the community. Specifically, pursuant to 18 U.S.C. § 3142(g), the Court finds that Defendant has failed to overcome the presumption of detention[1] in this case and, regardless of the presumption of detention present, the United States has also established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings and the United States has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community if Defendant is released. Additionally, on this record, there exists no compelling reason pursuant to 18 U.S.C. § 3142(i) sufficient to justify Defendant's temporary release on furlough to a non-custodial facility.

**IT IS ORDERED:**

1. The Defendant's Motion to Modify Conditions of Release, **ECF No. 59,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

---

[1] The United States invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A) in this case and in *United States v. Deboer*, 2:22-CR-00094-TOR-2 as both cases involve offenses under the Controlled Substances Act that carry potential sentences of 10 years or more in prison. *See* ECF No. 10 at 2; ECF No. 38 at 2 (*United States v. Deboer*, 2:22-CR-00094-TOR-2).

ORDER - 3

4.    If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

5.    If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED July 24, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4